UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


DOUBLE C ENTERTAINMENT, INC. ET AL.,                                      PLAINTIFFS


v.                                                        CIVIL ACTION NO. 3:11-CV-98-CRS


PALACE THEATRE OPERATING GROUP,
LLC ET AL.,                                                              DEFENDANTS


**<u>MEMORANDUM OPINION</u>**


This matter is before the court on motion of the defendants, Palace Theatre Operating Group, LLC (n/k/a Live Nation Worldwide, Inc.), Live Nation Marketing, Inc., and David Bartlett ("Bartlett" and collectively, "Defendants"), to dismiss all claims by the plaintiffs, Double C Entertainment, Inc. and Cliff Treiber ("Treiber" and collectively, "Plaintiffs"). (DN 12). For the reasons set forth below, this motion will be denied in part and granted in part.

This case arose out of a contract between Palace Theatre Operating Group, LLC and Double C Entertainment, Inc., under which Palace Theatre Operating Group, LLC agreed to license the use of the Louisville Palace Theatre for a show developed and promoted by Double C Entertainment, Inc. Approximately three days before the event, Palace Theatre Operating Group, LLC canceled the event and Plaintiffs allege they suffered economic and consequential damages because of the cancellation. Defendants have moved to dismiss all claims.

When a motion to dismiss is made, the court accepts the well-pleaded facts of the complaint as true and construes the complaint in the light most favorable to the plaintiff, drawing all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007);

*Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The complaint may be dismissed "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Morgan*, 829 F.2d at 12.

Defendants allege that Double C Entertainment, Inc. does not have capacity to bring this action because it was administratively dissolved by the Kentucky Secretary of State before commencing this lawsuit. The capacity of a corporation to sue or be sued is determined by the law under which the corporation was organized. Fed.R.Civ.P. 17(b)(2). Under Kentucky law, if an administratively dissolved corporation is reinstated, "it is as if the administrative dissolution had never occurred." *Fairbanks Arctic Blind Co. v. Prather & Associates, Inc.*, 198 S.W.3d 143, 146 (Ky. App. 2005) (citing KRS 275.295(3)(c)). "Reinstatement validates any action taken by a corporation between the time it was administratively dissolved and the date of its reinstatement." *Id*. Double C Entertainment, Inc. has been reinstated as an "active" corporation with the Kentucky Secretary of State and is in "good standing." *See* Plaintiff's Supplemental Exhibit to Response to Motion of the Defendants' to Dismiss (DN 18). Therefore, Double C Entertainment, Inc. has capacity to maintain this action and the portion of Defendants' motion to dismiss for lack of capacity of Double C Entertainment, Inc. must be denied.

Defendants also allege that Treiber, a named plaintiff in his individual capacity, does not possess standing to bring a breach of contract claim in this action because he was not a party to the contract at issue. Parties may only sue for a breach of contract if privity of contract existed. *Presnell Constr. Managers, Inc. v. EH Const., LLC*, 134 S.W.3d 575, 579 (Ky. 2004). Plaintiffs' only stated cause of action in its complaint is for a breach of contract. The complaint states,

> Plaintiffs aver in this lawsuit that this was an unlawful breach of contract (EXHIBIT 15) and as a result, the Plaintiffs were damaged. The Plaintiffs assert that the

> Defendants intentionally, wantonly, recklessly or negligently breached the contract in violation of the governing statutory laws and governing case law in the Commonwealth of Kentucky.

*See* Defendants' Notice of Removal, Verified Complaint, Exhibit A (DN 1). If a plaintiff is not a party to the contract, there is no right to recover damages for the contract's breach. *Owensboro Mercy Health System, Inc. v. Willis North America, Inc.*, 2009 WL 1405172, at *3 (W.D. Ky. May 18, 2009). The only parties to the contract at issue in this case include Palace Theatre Operating Group LLC and Double C Entertainment, Inc. *See* Defendant's Motion to Dismiss, Exhibit A (DN 12). Treiber expressly signed the contract in his capacity as an agent of Double C Entertainment, Inc. Treiber was not a party to the contract in his individual capacity and therefore lacks standing to bring this lawsuit. The motion of Defendants to dismiss the claims by Treiber should be granted.

The same reasoning is applicable to the claims against defendant, Bartlett, in his individual capacity. Bartlett signed the contract as General Manager of Palace Theatre Operating Group, LLC., acting in his capacity as an agent. *Id*. Bartlett was not a party to the contract in his individual capacity. An agent acting within the scope of his employment in entering a contract is not liable for a subsequent breach of that contract. *See Smith v. Isaacs*, 777 S.W.2d 912, 913 (Ky. 1989) (citing Restatement (Second) of Agency, Section 328 (1958)); *Potter v. Chaney*, 290 S.W.2d 44, 46 (Ky. 1956). As Plaintiffs argue, an agent can be held "personally liable for a tort committed by him although he was acting for the corporation." *Smith*, 777 S.W.2d at 913. However, the only claim contained in Plaintiffs' complaint is for a breach of contract. *See* Defendants' Notice of Removal, Verified Complaint, Exhibit A (DN 1). A breach of contract action against Bartlett, an individual who is not a party to the contract, fails as a matter of law. Defendants' motion to dismiss any claims against Bartlett must be granted.

Last, Defendants move to dismiss any claims against Live Nation Marketing, Inc. Defendants argue that Live Nation Marketing, Inc. was also not a party to the contract at issue in this case and that therefore, Plaintiffs' breach of contract claim against it is not viable. Defendants argue that Live Nation Marketing Inc. is a corporate entity separate from Palace Theatre Operating Group LLC and "[u]nder Kentucky law, separate corporate interests...are separate legal entities and must be recognized and treated as such." *Hazard Coal Corp. v. Kentucky West Virginia Gas Co.*, LLC, 311 F.3d 733, 739 (6th Cir. 2002). Plaintiffs made no response to this portion of Defendants' motion to dismiss. Live Nation Marketing, Inc. was not a party to the contract at issue and Plaintiffs' only claim asserted is for breach of contract. Therefore, all claims against Live Nation Marketing, Inc. should also be dismissed.

An order consistent with this opinion will be entered this date.


November 23, 2011


Charles R. Simpson III, Judge
United States District Court


- 4 -